IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                        Case No. 05-20005-JWL

Michael E. Diesel,

        Defendant.

## MEMORANDUM & ORDER

A jury convicted Michael E. Diesel of willfully filing a false income tax return for tax years 1998, 1999 and 2000. The matter is before the court on Mr. Diesel's motion for judgment of acquittal (doc. 73). The motion is denied for the reasons set forth below.

In analyzing a motion for judgment of acquittal, the court "view[s] the evidence in the light most favorable to the government and determine[s] whether a reasonable jury could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Apperson*, 441 F.3d 1162, 1209 (10th Cir. 2006). In reviewing the sufficiency of the evidence, the court considers "both direct and circumstantial evidence, as well as the reasonable inferences to be drawn from that evidence." *United States v. Brooks*, 438 F.3d 1231, 1236 (10th Cir. 2006) (citations and quotations omitted). "Evidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." *Id.* at 1236-37 (quotation omitted).

As the court instructed the jury without objection by Mr. Diesel, the government, in order

to meet its burden of proof on the crime of willfully filing false income tax returns in violation of 26 U.S.C. § 7206(1), was required to prove the following five essential elements beyond a reasonable doubt: (1) Mr. Diesel signed an income tax return that contained a written declaration that it was made under the penalties of perjury; (2) the return contained false information as to Mr. Diesel's taxable income as alleged in the indictment; (3) Mr. Diesel knew that statement was false; (4) the statement was material; and (5) Mr. Diesel acted willfully in filing the false tax return. *See* Instruction No. 11. In his motion for judgment of acquittal, Mr. Diesel contends that the evidence presented to the jury at trial was insufficient to support a finding that the returns were false as to any material matter and was insufficient to support a finding that Mr. Diesel acted willfully in filing the false returns. The court rejects both of these contentions.

The court begins with Mr. Diesel's contention that the evidence was insufficient to prove that Mr. Diesel acted with the requisite intent, a contention that is countered by overwhelming evidence in the record of Mr. Diesel's state of mind. At trial, the government introduced tape recordings of statements made by Mr. Diesel during an Aegis[1] seminar in Belize, including statements reflecting Mr. Diesel's belief that income taxation above 10 percent is "confiscation" and that "everybody is trying to cheat" when tax becomes "too confiscatory." Other statements presented to the jury included Mr. Diesel's comment that the "whole point" of the trust packages sold by Aegis was that the IRS did not understand the trusts; his reference to the Aegis System as

---

[1] As the Second Circuit has described it, the Aegis System is a "tax avoidance technique" and a "complicated scheme involving transfers of income between various trusts to disguise the income as 'management fees.'" *United States v. Tiner*, 2005 WL 2673511, at *1 (2d Cir. Oct. 19, 2005).

the "Double K-1 disappearing tax liability trick"; and his comment that the Aegis System was "too good to be true." Briefly put, ample evidence was presented from which the jury could conclude beyond a reasonable doubt that Mr. Diesel acted willfully when he filed the false returns.

The court turns, then, to Mr. Diesel's contention that the government failed to prove beyond a reasonable doubt that his income tax returns contained false statements as to any material matters. Mr. Diesel has not cited any authorities setting forth any pertinent legal principles that he believes the court should utilize for purposes of measuring the sufficiency of the evidence on this issue. In any event, the court measures the sufficiency of the evidence by looking to the law provided to the jury in Instruction 14–an instruction to which Mr. Diesel did not object at trial and does not object now. In that instruction, the court instructed the jury as follows:

> Income derived from any source whatever is included in gross income for the purpose of determining taxable income.
>
> You have heard evidence that Mr. Diesel was a trustee of and received cash or other property from a trust, the Diesel Business Trust. If you find beyond a reasonable doubt that Mr. Diesel was a trustee of Diesel Business Trust and obtained cash or other property from that trust, then you should proceed to determine whether this was income to Mr. Diesel.
>
> In this connection, the question for you to determine is whether Mr. Diesel had control over the cash or other property he obtained from that trust, took it as his own, and treated it as his own, so that as a practical matter he derived economic value from the money or property he received. If you find beyond a reasonable doubt this to be the case, then the money or property received by Mr. Diesel would be income and should have been reported on his personal income tax returns; if you do not find this to be the case, then the money or property obtained by Mr. Diesel would not be income to him.
>
> If you should determine that income was not reported on Mr. Diesel's tax return which should have been reported, you must determine whether this was done willfully.

3

Measured against these legal principles,[2] the evidence presented at trial was entirely sufficient to support the jury's finding beyond a reasonable doubt that Mr. Diesel's tax returns contained false information as to material matters in that he did not report income which he should have reported.

The government presented evidence that Mr. Diesel was a trustee of and received cash from the Diesel Business Trust and that he credited these amounts to the Pernour International Trust in Belize. The Pernour International Trust was established as part of the Aegis System. The government further presented evidence that Mr. Diesel, contrary to the Aegis System which contemplated a transfer of income to the overseas trust, did not transfer any funds to the Pernour International Trust despite the fact that tax returns filed on behalf of Diesel Business Trust reflected that those funds were distributed to Pernour. Rather, Mr. Diesel used the funds from the

---

[2]The court does not criticize Mr. Diesel's failure to object to Instruction 14 as the court believes that the instruction accurately states the law. *See, e.g., United States v. Spencer*, 178 F.3d 1365, 1368 & n.6 (10th Cir. 1999) (defendant who diverted corporate funds to private accounts under his control is personally responsible for taxation on those funds); *United States v. Peters*, 153 F.3d 445, 460-61 (7th Cir. 1998) (sufficient evidence was presented to support jury's conclusion that defendant violated 26 U.S.C. § 7206(1) by filing false returns; defendant diverted corporate funds into her personal accounts and made corporate expenditures for her personal benefit); *United States v. Miller*, 545 F.2d 1204, 1214 n.12 (9th Cir. 1976) ("[O]nce the taxpayer has assumed control of the [diverted] funds and then fails to report such funds as income or to make any adjustments in the corporate books to reflect a return of capital, he has already violated the tax evasion statutes."); *United States v. Davis*, 226 F.2d 331, 334-35 (6th Cir. 1955) (district court properly charged jury that funds diverted from corporation constituted taxable income to defendant that he was required by law to include in his income tax return if defendant diverted funds to himself personally and exercised control over them and treated them as his own; court also properly instructed jury that income received from any source constitutes taxable income when its recipient derives readily realizable economic value from it such as when cash is received by an individual which allows him freedom to dispose of it or use it at will).

Diesel Business Trust for his own personal use and did not report those funds as income on his personal tax returns. Critically, Mr. Diesel stipulated at trial that the tax returns of Diesel Business Trust reflected a credit of more than $3 million to Pernour International Trust; that those funds were not distributed to Pernour and that he controlled the use and disposition of those funds for his own purposes. *See* Government's Exhibit 54. Mr. Diesel further stipulated that he did not pay income taxes on those funds and that no other person or entity had paid incomes taxes on those funds. *See id*.[3]

Because ample evidence was presented that Mr. Diesel exerted the requisite control over funds he obtained from the Diesel Business Trust and did not report those funds as income on his personal returns or otherwise properly account for the funds, the court sustains the jury's verdict.

**IT IS THEREFORE ORDERED THAT** defendant Michael E. Diesel's motion for judgment of acquittal (doc. 73) is denied.

**IT IS SO ORDERED** this 8th day of June, 2006.

s/ John W. Lungstrum
John W. Lungstrum

---

[3]Mr. Diesel seems to suggest that his returns are not materially false because the tax code permits him to deduct amounts properly credited or required to be distributed to an estate or trust. This argument misses the point, as the evidence at trial supports the jury's finding beyond a reasonable doubt that no funds were ever distributed to Pernour.